KUCHLER, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*March 13—April 4, 1917.*

*Appeal: Review: Questions for jury: Highways: Injuries to travelers: What defects actionable: Break in curbstone outside of line of travel.*

1. The decision of the circuit court that the evidence in a case does not present a jury question must, on appeal, be regarded as right unless the contrary clearly appears.
2. An imperfection in a highway which is outside of the ordinary course of travel and the place prepared therefor, and not so near thereto or so connected therewith as to render such place not reasonably safe, is not an actionable defect.

3. In an action against a city for injuries to a pedestrian who fell
when he stepped or his foot slipped into a break or hole in the
curbstone at a point about three and one-half feet distant from
the sidewalk and crosswalk prepared for travel, it is *held* that
the trial court was not clearly wrong in directing a verdict for
defendant on the ground that, in view of its location, the defect
in the street was not an actionable one.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover for a personal injury which plaintiff re-
ceived, as claimed, by reason of an insufficient condition for
public travel of a street in defendant city.

The evidence was to this effect: Walnut street, in the city
of *Milwaukee,* is an east-and-west thoroughfare. Extending
at right angles south therefrom is Fifteenth street. The
former is paved with asphalt which extends southerly at the
intersection of the streets to the south line of Walnut street
so that the crossing from the east to the west side is paved
with asphalt. South of the asphalt paving on Fifteenth
street there is a macadam pavement. On the south side of
Walnut street, at the southwest corner of that and Fifteenth
street, there is a cement sidewalk, which, in front of the
building at the corner, except for interference by steps at the
front door thereof, extends from the curb back to the lot
line, a distance of eleven feet. Extending south from this
into Fifteenth street, from a point about two and three-
quarters feet north of the south line of Walnut street, there is
a six-foot-wide sidewalk, making the eleven-foot sidewalk
aforesaid extend east on Walnut street to within about five
feet and eight inches of the curbstone on Fifteenth street,
which is about eleven feet east of the lot line, leaving a space
between the curb on such street and the cement sidewalk
thereon extending about two and three-quarters feet north of
the south line of Walnut street, which is not paved. The
earth bed comes up nearly to the top of the cement walk and
the top of the curb. The stone is about ten inches high, so

set as to make a round corner at the intersection of the two
streets at the corner in question.   In the curbstone on Fif-
teenth street, seven and three-quarters inches south of the
south line of Walnut street and about three and one-half feet
from the south side of the cement walk in such street there
was a piece broken out, leaving a hole in the stone, the width
thereof, about seven and three-quarters inches long at the top
and five inches at the bottom and three and three-eighths
inches deep.   It had existed for several months before the
accident.   If one, in walking west on the crossing to reach
the cement walk at the southwest corner of the two streets,
kept in line with the south side of such walk, extending west
on Walnut street, he would not go nearer to the hole in the
curb than about three and one-half feet.   Plaintiff, in the
daytime, took that course, and was well within the regular
traveled way, until he reached a point about two feet from
the curbstone when a team, drawing a coal wagon, was driven
around the corner into Fifteenth street, so as to cause him to
step south of the crossing and to the vicinity of the hole.
After the team and wagon passed him he stepped upon the
curb to take a course northwesterly across the unpaved area
west of it to the cement walk.   As he did so, he either
stepped into the hole or so close thereto that his foot slipped
into it, causing him to lose his balance and fall, breaking his
arm and otherwise injuring him.

At the close of the evidence the court directed a verdict in
favor of the defendant upon the ground that the hole was of
such nature and so located with reference to the course of
travel and place prepared therefor as not to constitute an
actionable defect.   Judgment was rendered accordingly.

*Michael Levin* of Milwaukee, for the appellant.

For the respondent there was a brief by *Clifton Williams,*
city attorney, and *E. L. McIntyre,* first assistant city attor-
ney, and oral argument by *Mr. McIntyre.*

MARSHALL, J.   Does it appear from the record, giving due consideration to the decision of the court below, that the evidence did not present a jury question as to whether the defect in the curbstone rendered the street not reasonably safe for travelers on foot?   If not, then the judgment must be affirmed.

It is not sufficient to warrant disturbing the judgment for it to appear merely doubtful whether the circuit court reached the right conclusion, nor that, if we were to determine the matter from an original standpoint,—without the aid of such conclusion,—we might reach a different result.   Such dignity is to be accorded the opinion of the circuit judge that it must be regarded as right unless the contrary clearly appears.   *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30.

The rule stated has been quite strictly adhered to since it was first formulated.   It is now, as it has often been before, restated in order that it may be appreciated that when the trial judge rules, as in this case, the situation cannot be considered on appeal wholly from an original standpoint.   Cases are often presented, it is thought, without such appreciation.   Therefore frequent reiterations of the rule by which this court must be guided, to the end that appeals with the attendant expense to litigants may be minimized so far as practicable without prejudice to the rights of parties.   In the *Slam Case,* in connection with a full review of previous decisions respecting the subject, the court said:

"This court should not disturb the decision merely because, on a doubtful balancing of probabilities, the mind inclines slightly against the decision, but only when the mind is clearly convinced that the conclusion of the trial judge is wrong.   It is also considered that this is an entirely reasonable and salutary principle; a principle upon which the court has acted in the past and expects to act in the future; a prin-

ciple which gives due weight and dignity to the decision of the trial judge and demands of him his best and most conscientious service whenever such a question is presented."

From the viewpoint indicated, we will briefly survey the record before us.

No time need be spent discussing the proposition that a public way for travel, which it is the duty of the municipality to maintain in a reasonably safe condition, may not be so and the imperfection consist of some depression, or hole, or an object outside of the region prepared therefor. If the imperfection is so near thereto or connected therewith as to efficiently interfere with the place for travel being reasonably safe therefor, then the way is actionably defective and, if a personal injury is caused thereby to a user thereof, in the exercise of ordinary care, the municipality is liable. *Slivitski v. Wien,* 93 Wis. 460, 67 N. W. 730; *Boltz v. Sullivan,* 101 Wis. 608, 77 N. W. 870.

In cases of this sort, often it is very difficult, especially where the conclusion must be based upon reasonable inferences from undisputed facts, to determine whether there was room in the whole situation for a reasonable controversy as to whether the way was actionably defective or not. Without such controversy there is no jury question, and the court, when appealed to, as was done in this case, must dispose of the matter as one of law. In doing so there is often such a zone of uncertainty as to where judicial interference ends and jury duty begins that the deference due to the trial court's decision renders the rule stated in the opening, often of controlling importance.

The characterizing circumstances of the situation the trial court dealt with, doubtless, to some extent, influenced the result. The place was quite distant from that part of the city where the sidewalks were liable to be much crowded by users. It was in a semi-business part, but where there would reasonably be expected to be ample room on the side and cross walks

for pedestrians, without stepping aside and invading the region occupied by the curbstone where it was wholly outside the place, for the use of footmen.   It would be somewhat a stretch of imagination to indulge in the idea that the four-inch depression in the curb could be dangerous to users of the street or crosswalk.

The court relied upon *Snyder v. Superior,* 146 Wis. 671, 132 N. W. 541, as a safe guide to go by.   Probably that case as well illustrates the principle that an imperfection in a highway which is outside the ordinary course of travel and the place prepared therefor, and not so close thereto, or connected therewith as to render such place not reasonably safe, is not actionable, as any which can be referred to.   Many cases might be cited which deal with the subject in general, each depending, in the ultimate, on its own particular facts. No two could be found which are exactly alike as to facts. To cite and analyze such cases, quoting from opinions, would not materially aid us, if at all.   No one goes further than to illustrate the principle stated with reference to the particular facts, without establishing any certain rule for another case involving different facts.

In the *Snyder Case* there was a thirty-inch-wide plank crossing of an alley, connected at the ends with a four-foot plank sidewalk, leaving a space nine inches wide on the outer edge which was filled by a ten-inch plank, inclined at an angle of about thirty-three and one-third degrees, so there was a drop from the sidewalk to such plank at the outer edge of the sidewalk of about four inches.   The plaintiff walked near such edge and stepped on to such plank, whereby she fell and was fatally injured.   This court held that the trial court correctly decided that the walk was not actionably defective since the drop was not over some two inches in any place where a foot passenger would naturally be expected to travel.

Thus, it will be seen that in the *Snyder Case,* controlling

significance was given to the fact that the drop in the side-walk was outside the region where a foot passenger would be reasonably expected to travel. Here the defect in the curb-stone was not only likewise circumstanced but was so far be-yond the sidewalk or crosswalk area that a person could not reach it without departing wholly therefrom. It was so far away from the place for travel that it would not be reason-ably expected that one using such place by a mere side step in passing another on the walk, or by a misstep, would reach it. Appellant reached it by taking two or more steps aside from his course of travel, and going some three and a half feet away from the crosswalk and then, instead of returning, attempting to take a cross-cut over the curbstone to reach the sidewalk.

The similarity of the *Snyder Case* to this one is not dif-ficult to see, in that the place of defect was reached by going outside of where one would be reasonably expected to travel. In any event, the defect in the curbstone, under all the cir-cumstances, was quite as inconsequential as the drop from the sidewalk in the *Snyder Case*. Taking the entire situa-tion into consideration we are unable to reach a conclusion that the trial court was clearly wrong in applying the logic of that case and rendering judgment for the defendant upon the ground that the break in the curbstone, in view of its loca-tion, did not constitute an actionable defect in the way pre-pared for public travel.

*By the Court.*—The judgment is affirmed.