GALLAGHER, Respondent, vs. GALLAGHER, Appellant.

*March 10—April 5, 1921.*

*Divorce: Custody of child of parties: Division of estate: Reduction on appeal: Judgment of divorce not appealed from conclusive.*

1.  Where the court granted a divorce to the wife, and the evidence was conflicting on the subject of the fitness of the respective parents to rear their four-year-old son, but there was no claim that the mother was not a suitable and proper person, a judgment awarding custody of the son to the mother until he became old enough to live with the father will not be disturbed on appeal, though the record indicates that the child's home environment while in his mother's custody would not be as perfect as might be desired.

2.  Where it appeared that plaintiff was a widow with two children when she married defendant and that during their married life defendant had turned over his wages, except a small part, to his wife to be applied for family use, and that his property, valued at about $7,000, was practically all accumulated without plaintiff's assistance, an award to plaintiff of $2,601, with monthly payments for the support of the child, is excessive and will be reduced to the sum of $1,500.

3. On defendant's appeal from the award of the custody of the child to his wife and from the order dividing the property, but not from the judgment granting her a divorce, the judgment of divorce must stand, though it is evident from the record that plaintiff stood in no better light before the court than defendant.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed in part; reversed in part.*

The appeal is from those portions of a divorce judgment which give to the respondent the custody of the minor child of the parties for a limited time and which finally divide and distribute the property of the defendant.

The plaintiff sued for and defendant counterclaimed for divorce, each charging cruel and inhuman treatment. The plaintiff was granted judgment for absolute divorce from the defendant. The court's findings on the issue of cruel and inhuman treatment and the judgment as to the divorce are not questioned on this appeal. The appeal is taken from those portions of the judgment which find (1) that while both parties are fit and proper persons to have the custody of the child, it is to the best interests of the child to remain with its mother until it is old enough to live with its father; (2) that the defendant is worth $7,000 besides the household furniture of the parties, which is worth $800; (3) that the defendant pay to the plaintiff the sum of $20 per month during the time that plaintiff resides in Brown county and keeps the child in Brown county, but not later than the sixteenth birthday of the child.

For the appellant there was a brief signed by *Victor I. Minahan* of Green Bay, and oral argument by *Mr. Minahan.*

For the respondent there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *Joseph F. Martin.*

SIEBECKER, C. J. The court awarded custody of the four-year-old son of the parties to the plaintiff "until said

child is old enough to live with its father, when, upon proper showing, the custody of said child will be changed." Defendant is given the right to visit and have the child with him at reasonable times within the limits of Brown county. The judgment also provides that defendant pay plaintiff $20 per month for the care and maintenance of the boy while the child resides with plaintiff in Brown county. It is urged that this determination of the court is not just and proper in view of the uncontroverted facts of the case. It is claimed by defendant that plaintiff is not a suitable and proper person to have the care and custody of the infant son. The record shows a state of facts which indicate that the child's home environment, while in plaintiff's custody, may not be as perfect as might be desired, yet we cannot say that the trial court clearly erred in awarding the custody of the boy to the plaintiff during his very tender years. There is conflict in the evidence on the subject of his parents' fitness to rear this child. The trial judge undoubtedly knows the conditions of these parties better than this court can know them, and so we feel that we cannot disturb his conclusion on this question in the case.

It is urged that the final division and distribution the court decreed of defendant's estate is an unjust and inequitable one. The court finds that defendant had an estate of the value of $7,000 over and above his liabilities at the time of the trial. The plaintiff is awarded out of this the household furniture valued at $800; the equity in the homestead, valued at $1,599, and the merchandise she purchased the day before she started action, amounting to $242.65, making a total of $2,601.65, leaving for defendant property of the value of $4,398.35. This division is not an equitable and just one in the light of the facts of the case. At the time of their marriage the plaintiff was a widow, had two children, and was about twenty-four years of age. The defendant was unmarried, without family, and forty-nine years of age. The defendant during their married

life was industrious and earned good wages, which, excepting a small part, he turned over to his wife to be applied for family use. The property now owned by defendant was practically all accumulated without plaintiff's assistance. The treatment the parties mutually accorded each other is properly characterized by the trial court as follows: "Both parties are at fault for their troubles and the court has considered dismissing both complaint and counterclaim." But the court was of opinion that sufficient cause for a divorce existed, and declared: "Because of being the mother of the son, the divorce will be granted plaintiff." It is evident from the record that the plaintiff stands in no better light before the court than the defendant. There is, however, no appeal from the judgment of divorce and it must stand. An attentive study of the case has persuaded us that the trial court has awarded plaintiff an excessive amount of defendant's estate and that the award must be reduced. Upon the basis of valuation of defendant's property found by the court, namely, $7,000, we think the amount of $2,601.65 awarded plaintiff, made up of the items above indicated, should be reduced by deducting therefrom the sum of $1,101.65, thus awarding to plaintiff out of defendant's estate the sum of $1,500. The judgment is therefore to be modified accordingly in making a final division and distribution of defendant's estate, and is to stand in all other respects except that plaintiff shall have the right to elect whether or not she will take the homestead upon the conditions imposed by the circuit court.

*By the Court.*—The part of the judgment appealed from respecting the division and distribution of defendant's estate is reversed; the judgment in all other respects is affirmed, and the cause remanded to the circuit court to award judgment in accordance with this opinion.