HOLL, Plaintiff and Appellant, vs. CITY OF MERRILL, Defendant and Appellant: LINCOLN COUNTY, Defendant and Respondent.

*June 12—July 1, 1947.*

For convenience Lincoln county will hereinafter be referred to as the "county" and the city of Merrill as the "city."

For the appellant Ida Holl there was a brief by *Wurster & Curtis* of Merrill, and oral argument by *Carlyle B. Wurster.*

*R. H. Nienow,* city attorney, for the appellant city of Merrill.

*Donald E. Schnabel,* district attorney of Lincoln county, for the respondent.

WICKHEM, J. The allegations of the pleadings disclose the following facts: For the past twenty years the county has occupied approximately a square block of real estate lying north of First street and west of Center avenue in the city. During this period the city has maintained a concrete sidewalk along the west side of Center avenue abutting on the east the grounds owned by the county. Upon the grounds the county has erected and maintains the county jail. For many years the county has had a lawn-sprinkling system consisting of sprinklers attached to underground pipes which converge at a manhole upon the west edge of the sidewalk at about the middle of the block. The flow of water through these pipes is controlled by a valve installed underground below frost level operated through a shutoff box at ground level just east of the sidewalk and opposite the manhole. On the day of the accident, May 15, 1946, and for more than three months preceding this date, the sidewalk was out of repair resulting from the fact that the block of concrete lying between the manhole and shutoff box had broken loose and was tilted downward from east to west forming a hole in the sidewalk about five inches deep at its easterly edge and with an abrupt dropoff at the north and south ends thereof. It is alleged that the county excavated under and alongside this concrete block many times during the last few years, the last excavation being about May 1, 1945, and that the want of repair is caused by negligence of the county in failing properly to replace excavated

earth under the concrete block or to re-enforce or replace the block so as to prevent its sinking after the replaced earth settled. On May 15, 1946, plaintiff tripped or stumbled or caught her heel upon the uneven surface and she was thrown to the sidewalk causing severe injuries.

Plaintiff being in doubt as to which of the defendants is primarily liable for her damages joined them pursuant to sec. 81.17, Stats. A general demurrer by the county was overruled but after filing an answer the county filed a motion for summary judgment upon the grounds that the city alone is liable. It is from the judgment dismissing the complaint against the county, as well as the cross complaint of the city against the county that this appeal is taken by plaintiff and the city.

Appellants contend that while the city has a duty to maintain the sidewalk the county by active interference with the ground under the sidewalk has caused it to become unsafe and out of repair; that the county is liable as an adjoining landowner for this active interference upon the theory that it thereby created a nuisance. The fact that the premises involved contain a county jail and that the maintenance of the premises generally is in discharge of a governmental function is contended to make no difference.

We see no escape from this contention. See *Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W. 27; *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448; *Harper v. Milwaukee,* 30 Wis. 365. The matter has been fully discussed in *Robb v. Milwaukee,* 241 Wis. 432, 6 N. W. (2d) 222; and *Hasslinger v. Hartland,* 234 Wis. 201, 290 N. W. 647, and the principles fully considered and stated. Cases like *Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579, and *Virovatz v. Cudahy,* 211 Wis. 357, 247 N. W. 341, establish a rule to the contrary in cases of alleged nuisance arising out of the negligence of city officials acting in a govern-

mental capacity where the relation between the village and the person injured was that of governor and governed. In the *Hasslinger Case* where a landowner adjoining a sewage-disposal plant sought to abate the nuisance it was pointed out that there the relation of governor and governed did not exist but rather that of adjoining landowners and the fact that sewage disposal was a governmental activity was no answer to the charge that it was maintaining a nuisance as to adjoining landowners. So in the *Robb Case* where a person on the sidewalk was injured by a baseball knocked over the fence of the public park it was held that this constituted a nuisance as to the pedestrian and that the governmental nature of the playground activities was no defense. That lot owners who obstruct or interfere with a road or sidewalk in such a way as to create a defective and dangerous condition are guilty of maintaining a nuisance is held in the following cases: *Raymond v. Sheboygan,* 70 Wis. 318, 35 N. W. 540; *Brown v. Milwaukee Terminal R. Co.* 199 Wis. 575, 224 N. W. 748, 227 N. W. 385; *West Bend v. Mann,* 59 Wis. 69, 17 N. W. 972. Since the county is a landowner abutting the sidewalk, since its active interference with the sidewalk constituted a nuisance, and since its relation to plaintiff was not that of governor and governed, the county is plainly liable to plaintiff.

The whole matter has been so thoroughly discussed in the cases cited that we do not deem it necessary to consider the matter at further length. We conclude that plaintiff's complaint states a cause of action against the county.

The next questions are whether the county's liability is primary and that of the city secondary and whether the two may be joined as defendants. Sec. 81.17, Stats., relating to highway defects, provides in substance that whenever damage shall happen to person or property by reason of a defect in the highway from any cause for which the city would be liable and such damages are caused by or arise from the wrong, default, or negligence of the city and of any "person, or private cor-

poration, such person or private corporation shall be primarily liable therefor; but the town, city, village or county may be sued with the person or private corporation so primarily liable." The section provides for a judgment against all defendants but specifies that judgment against the city shall not be enforceable until execution has been issued against the party found to be primarily liable and returned unsatisfied in whole or in part whereupon the city shall be bound by the judgment.

It is claimed by the city that under sec. 81.17, Stats., the county may be joined and upon proof of the facts heretofore discussed may be found primarily liable in which case the judgment is to run against the city and county but execution had in the first instance solely against the county.

The county claims that sec. 81.15, Stats., is applicable and that no liability is imposed upon the county by that section in such a situation as this. Sec. 81.15 is entitled "Damages caused by highway defects; liability of town and county." It imposes a liability by reason of the "insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair. . . . If such damages happen by reason of the insufficiency or want of repairs of a highway which any county by law or by agreement with any town, city or village is bound to keep in repair, or which occupies any land owned and controlled by the county, the county shall be liable therefor and the claim for damages shall be against the county." The brief for the county contains an elaborate analysis of this statute to show that no liability is imposed upon the county by this section but we shall not go into the matter. The charge is not that the county breached a duty to keep the sidewalk in repair but that active interference with the sidewalk by the county created a nuisance. Sec. 81.15 is wholly inapplicable for this reason. The same general comment applies to the contention that no liability is imposed upon the county by common law or other statute for failing to maintain the sidewalk. The county contends that sec. 81.17 is

purely procedural and creates no liability. This is, of course, true in the sense that it relates to joinder of parties and to the manner of executing judgment. But that is all beside the point. The liability of the county for creating or maintaining a nuisance is well established without assistance from sec. 81.17.

It is next contended that sec. 81.17, Stats., did not include the county in those persons who may be joined and against whom execution shall run before it runs against the city. It is contended that the term "and of any person, or private corporation" is not broad enough to include the county. We think that this is entirely too narrow a construction to give to a remedial statute which should be liberally construed to advance the remedy. In connection with this see *Kollock v. Madison,* 84 Wis. 458, 54 N. W. 725. The term "person" is broad enough to apply to the county and the context of the statute indicates that when any city, county, or municipality is liable for defective highways it may join any person or corporation, public or private, which has, in fact, caused the condition under circumstances which casts liability upon such person.

We conclude upon the pleadings and record generally that the case is governed by sec. 81.17, Stats.; that both defendants are liable to plaintiff but that as between themselves the liability of the county is primary.

The trial court was of the view in this case that the cause of action should be dismissed against the county for the reason that the complaint was drafted upon the theory of negligent maintenance of the sidewalk by the county. We think the court was in error in this respect. It is true that the plaintiff did not characterize as a nuisance the acts of the county in undermining the sidewalk but all of the facts are alleged and from those a conclusion that a nuisance was maintained is permissible. Hence, it cannot be said that the issue of nuisance was injected into the complaint for the first time by the

city's cross complaint. The only thing the city added to the complaint was the use of the word "nuisance." For the foregoing reasons we are of the view that the trial court was in error in dismissing the complaint and cross complaint against the county.

*By the Court.*—Judgment reversed, and cause remanded with directions to deny the county's motion for summary judgment and for further proceedings according to law.