FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Administrator, Plaintiff and Respondent, vs. S. C. JOHNSON & SONS, INC., Defendant and Appellant: CITY OF RACINE, Defendant and Respondent.

*June 2—July 3, 1953.*

406

For the appellant there were briefs and oral argument by *Vilas H. Whaley* of Racine.

For the respondent First National Bank & Trust Company of Racine there was a brief by *Weisman & Weisman* of Racine, and oral argument by *J. M. Weisman.*

For the respondent city of Racine there was a brief and oral argument by *Thomas P. Corbett,* city attorney.

BROWN, J. On its appeal S. C. Johnson & Sons, Inc., contends, first, that the opening in the curb in the middle of the block was not an actionable defect. For authority it

relies on *Kuchler v. Milwaukee* (1917), 165 Wis. 320, 162 N. W. 315. The trial court in that case directed a verdict against a plaintiff who was injured when he stepped into a hole in a curb about three and one-half feet distant from the crosswalk, on the ground that the hole was so far from either the crosswalk or the sidewalk that the pedestrian could not get into it without leaving the traveled portion of the thoroughfare. We consider that the *Kuchler Case, supra,* is actually strongly against defendant's contentions. There we said that when an imperfection is so near the public way for travel or so connected with it that the place for travel is not reasonably safe, then there is an actionable defect. We noted that the appellate court should not reverse merely because it might, ordinarily, reach a result—different from that of the trial court, saying:

"Such dignity is to be accorded the opinion of the circuit judge that it must be regarded as right unless the contrary clearly appears." And—

"Taking the entire situation into consideration we are unable to reach a conclusion that the trial court was clearly wrong in applying the logic of that case [*Snyder v. Superior* (1911), 146 Wis. 671, 132 N. W. 541] and rendering judgment for the defendant upon the ground that the break in the curbstone, in view of its location, did not constitute an actionable defect in the way prepared for public travel." *Kuchler Case, supra* (pp. 323, 326).

One cannot read the *Kuchler Case, supra,* without realizing that if the trial judge had ruled that there *was* an actionable defect, or at least a jury question, such ruling would have been more easily affirmed than the one which this court was called upon to sustain. The evidence, however, made it possible to sustain him and he was sustained. The case at bar comes here with the prestige of a trial judge's ruling that the question was for the jury and both the ruling and the verdict are supported by stronger facts than appeared in the *Kuchler Case, supra.*

There has been a great increase since 1917, when the *Kuchler Case, supra,* was decided, in automobile traffic and in the use automobilists legally make of the space from the curb to the sidewalk for leaving or reaching parked automobiles. It is common knowledge that on busy streets that area is in constant public use. Quite apart from such judicial notice, the testimony in this case is that this curb was much used for parking and that grass would no longer grow between the sidewalk and the curb so, first, the defendant S. C. Johnson & Sons, Inc., filled that space with crushed stone and later with an asphalt surface. The evidence is very strong that this area was adapted to use by the public going to and from their automobiles and was so used. If the trial judge was not clearly wrong we would have to sustain him. *Kuchler Case, supra.* We consider that the jury's findings upon this subject are supported by evidence and on the facts in this case the trial court was clearly right in denying defendant's motions to change them.

Next, defendant S. C. Johnson & Sons, Inc., submits that it is not liable because there is no evidence that it created this defect or is responsible for it. The evidence is that the curb laid by the city was broken up on the order of S. C. Johnson & Sons, Inc., for its own purposes, exposing the unfinished, rough interior; after which a union with the curb of defendant's driveway was made. This union left three inches of the interior of the city curb still exposed to the weather. There was further evidence that the asphalt poured by defendant S. C. Johnson & Sons, Inc., made a basin of which the two curbs formed a rim. This rim prevented the escape of water except by evaporation or by seeping into the ground and thence into the unsurfaced part of the city curb, or by directly seeping into the unsurfaced part of the city six-inch curb which defendant's three-inch curb had exposed. Cement-construction experts testified that the moisture so admitted to the interior of the city curb would freeze and expand in cold weather causing the curb to break up in the

way it actually did. They testified that in their expert opinion it was this freezing, so produced, which caused the defect in question. Defendant suggested that the city curb might have been injured by heavy blows or by the city snow scraper. The only heavy blows known to have occurred at this place were those delivered under defendant's orders when it shattered the city curb to put in its own. The experts testified that the deterioration experienced was not characteristic of damage caused by snow scrapers.

We conclude that the findings that the defect in the city curb was caused by defendant's activities in building its own curb and in asphalting the former grass strip are supported by evidence and are not speculative.

With it established that defendant S. C. Johnson & Sons, Inc., caused an unsafe, defective condition of a traveled portion of the public thoroughfare, that defendant must fail in its contention that it is not liable for the consequences.

"Abutting lot owners who obstruct or interfere with a road or sidewalk in such a way as to create a dangerous and defective condition are guilty of maintaining a nuisance." *Holl v. Merrill* (1947), 251 Wis. 203, 28 N. W. (2d) 363, (headnote 1).

The party so interfering is primarily liable to a party injured because of the defect and the municipality which has the duty of keeping the highway free from such obstructions or defects is secondarily liable, under sec. 81.17, Stats.; *Holl v. Merrill, supra,* page 207.

We have examined the verdict and are unable to agree with defendant S. C. Johnson & Sons, Inc., that it is inconsistent or perverse. We conclude that the judgment should be affirmed.

*By the Court.*—Judgment affirmed. The brief of respondent exceeds 50 pages and it has applied for an allowance of the entire cost of printing, as permitted by Rule 10. Such cost is hereby allowed.