HALES, Appellant, vs. CITY OF WAUWATOSA, Respondent.*

*March 6—April 9, 1957.*

* Motion for rehearing denied, with $25 costs, on June 4, 1957.

For the appellant there was a brief by *Meldman & Kahn,* attorneys, and *Edward H. Meldman* and *Clifford K. Meldman* of counsel, all of Milwaukee, and oral argument by *Clifford K. Meldman* and *Edward H. Meldman.*

For the respondent there was a brief by *Milton F. Burmaster,* city attorney, attorney, and *Herbert L. Mount* of Milwaukee of counsel, and oral argument by *Mr. Mount.*

WINGERT, J. The judgment of the circuit court must be reversed, and that of the civil court reinstated.

The action is founded on sec. 81.15, Stats., the material part of which provides:

"If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village . . ." up to a maximum of $5,000.

While the terms of the statute suggest absolute liability, it is established by decisions of this court that an action under the statute is in legal contemplation an action for negligence, and accordingly the Comparative Negligence Act applies. *Trobaugh v. Milwaukee,* 265 Wis. 475, 487, 61 N. W. (2d) 866; *Morley v. Reedsburg,* 211 Wis. 504, 511, 512, 248 N. W. 431. Failure to build a safe street in the first place is negligence as a matter of law; failure to make repairs when needed presents a question whether there has been a failure to exercise ordinary care in the circumstances. *Morley v. Reedsburg,* 211 Wis. 504, 511, 512, 248 N. W. 431.

The civil court made findings sufficient to support judgment for the plaintiff. On appeal to the circuit court, the findings of the civil court are not to be disturbed unless they are against the clear preponderance of the evidence. *Wald v. Mitten,* 229 Wis. 393, 396, 282 N. W. 634; *Barkdoll v. Wink,* 238 Wis. 520, 525, 300 N. W. 233.

*Depth of hole.* The civil court's finding that the hole was four and one-half to five inches in depth was supported by the testimony of plaintiff's son-in-law that he had measured it the morning after the accident and found it almost five inches deep at one spot and four inches at another, with an average of about four and one-half inches, and with an area of three to three and one-half inches in diameter being four and one-half inches or more deep. While there was also persuasive evidence of a depth of only about two inches, the conflict was for the trial court to resolve.

Of the cases dealing with holes of small depth or minor differences in surface elevation in a sidewalk or street, *Mc-*

*Cormick v. Racine,* 227 Wis. 33, 36, 277 N. W. 646, probably goes the farthest in holding that such defects are non-actionable as a matter of law. There a difference of two and three-eighths inches in height between adjoining squares of a cement sidewalk was held not actionable. In *Pias v. Racine,* 263 Wis. 504, 507, 58 N. W. (2d) 67, we pointed out that liability under sec. 81.15, Stats., is not a matter of inches only, and that other conditions and circumstances must be considered. In *Hansen v. Green Bay,* 218 Wis. 644, 646, 261 N. W. 746, recovery was allowed where the hole was one to three and one-half inches deep, and so shaped that a pedestrian's foot might become jammed in it. In the present case it could be inferred that plaintiff's shoe caught in the hole, and the trial court so found. Generally speaking, insufficiency or want of repair is a question for the trier of fact. Here we cannot say that the trial court was wrong as a matter of law in finding that the hole in the street was of such character and depth as to constitute an actionable "insufficiency or want of repair" within the meaning of sec. 81.15. For a collection of cases on the subject, see note in 38 Marquette Law Review, 211.

*Location of hole.* We cannot agree with the circuit court's holding that the defect in the street was not actionable under sec. 81.15, Stats., because off the course of travel.

While the statute in terms does not restrict its application to any particular part of a highway which the municipality is bound to keep in repair, this court's decisions have limited liability to pedestrians to cases where the offending defect was within the region where a pedestrian would reasonably be expected to travel. *Kuchler v. Milwaukee,* 165 Wis. 320, 326, 162 N. W. 315. We have recognized, however, that the common use of the automobile has enlarged the area in which people may be expected to walk or step, and accordingly that a hole in a curb in front of a sidewalk leading to a residence may be actionable and presents a jury question, being at a

point where a person would be likely to step in alighting from an automobile. *Gottlieb v. Racine,* 234 Wis. 343, 291 N. W. 335. See also *First Nat. Bank & Trust Co. v. S. C. Johnson & Sons,* 264 Wis. 404, 408, 59 N. W. (2d) 445.

We think the reasoning of the curb cases applies to the present one. In this day automobiles are commonly parked at the curb, and people are constantly entering or alighting from cars on the left side and walking around the front or rear of the car to or from the curb. This may be particularly true in residential districts as in the present case, where the street traffic is not so great as to inhibit use of the door on the left side of the parked car. The hole in the present case was in front of the sidewalk coming out from the house where plaintiff visited and thus in a most likely place for a visitor there to step. In short, we cannot say that the defect in the street was nonactionable as a matter of law because of its location.

While the alternatives of keeping such portions of the street in repair or paying damages to persons injured by defects therein may impose burdens on the municipal treasury, it is equally true that inability to collect damages in such cases might impose serious hardship on the injured persons. In waiving municipal exemption from tort liability to the extent of $5,000, sec. 81.15, Stats., manifests legislative concern for the users of the streets as well as for the taxpayers.

*Contributory negligence.* The city argues that plaintiff was guilty of contributory negligence as a matter of law. She admitted that she stepped off the curb into the street without looking at the surface of the street, and hence did not see the hole. It was dusk at the time. The street had been in rather poor condition for a long time, the hole had been there more than six weeks, and plaintiff visited her daughter often. She had noticed "open spots" and cracks in

the pavement on that street, but had not noticed any holes in front of her daughter's house.

We cannot say that plaintiff's failure to scrutinize the area where she stepped off the curb was negligent as a matter of law.

". . . the plaintiff was not bound at all times, by day or by night, when passing over the walk, to bear in mind the defect in it, and think of it, though he knew it was there and considered that it was dangerous." *Crites v. New Richmond,* 98 Wis. 55, 60, 73 N. W. 322. See also *Zoellner v. Fond du Lac,* 147 Wis. 300, 305, 133 N. W. 35.

Here plaintiff did not know of the particular defect, and in the circumstances she was not bound as a matter of law to inspect that part of the street before stepping on it. The trial court's finding that she acted as a prudent and careful person of her type and age would act under the same or similar circumstances, must therefore be sustained.

*By the Court.*—Judgment reversed, with directions to affirm the judgment of the civil court.

MARTIN, C. J., and BROWN, J., dissent.