FULLER and others, Respondents, v. FIEDLER and others (State Highway Commission), Appellants.

*March 4—April 2, 1963.*

For the appellants the cause was argued by *Richard E. Barrett* and *John E. Armstrong,* assistant attorneys general, with whom on the brief was *John W. Reynolds,* attorney general.

No brief or appearance for the respondents.

A brief *amici curiae* was filed by *Charles C. Collins* and *C. R. Gray* of Washington, D. C., for the American Automobile Association, and by *Stephens, Bieberstein, Cooper, Bruemmer & Gartzke* of Madison, for the Wisconsin Division, American Automobile Association.

GORDON, J. The only matter before us is the defendants' appeal from the judgment which declared the above-recited regulations to be unconstitutional. The plaintiffs did not participate in this appeal.

In 1958, Congress included in the Federal-Aid Highway Act provisions which were designed to encourage and assist the states in the control of outdoor advertising on the national system of interstate and defense highways. Public Law 85–767, 72 U. S. Stat. at L., p. 904 (1958), 23 U. S. C. sec. 131 (1958). The act announced that it was in the public interest to encourage and assist the states in controlling the erection and maintenance of outdoor advertising signs and declared it to be the national policy to regu-

late billboards within 660 feet of the edge of the right-of-way and visible to the main-traveled part of the interstate highway system.

The states, although legally obliged to do nothing, could receive a "bonus" of one half of one percent in their applicable federal-aid allotments on projects on which advertising was controlled in accordance with the national standards.

The Federal Act provided that specific regulations were to be formulated by the secretary of commerce and that in order for a state to acquire the "bonus," said state must comply with those regulations. 23 C. F. R. (1963 Supp.), secs. 20.1–20.10. For discussions of outdoor advertising in connection with the interstate highway system, see 46 California Law Review (1958), 796, 8 Kansas Law Review (1959), 81, and 38 Nebraska Law Review (1959), 541.

In 1959, in order to comply with the National Act, Wisconsin passed ch. 458, Laws of 1959, appearing as sec. 84.30, Stats. In sub. (4) of this statute, the State Highway Commission is directed to establish rules consistent with sec. 84.30 and the national policy expressed in the Federal-Aid Highway Act. The dispute upon this appeal relates to some of the regulations formulated by the State Highway Commission.

The Fullers have a total of nine signs on their property, two of which advertise their restaurant business, the other six their gas station. The record also contains testimony of other merchants in this same locality who have signs located on their property. In addition, there is testimony of an owner of land adjacent to Highway I-94 who leased a portion of his land for advertising purposes.

The appellants have urged us to pass upon the constitutionality of the basic statute. We decline to do so since there has been no appeal from that portion of the judgment. *Malco*

*v. Midwest Aluminum Sales* (1961), 14 Wis. (2d) 57, 63, 109 N. W. (2d) 516; *Gallagher v. Gallagher* (1921), 174 Wis. 32, 35, 182 N. W. 323. The validity of the quoted regulations is the subject of this appeal. Supreme Court Rule 32, sec. 251.32, Stats., provides as follows:

"When a cause is submitted or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

Since we have not had the benefit of a brief or oral argument by the respondents, we reverse "as of course," pursuant to Rule 32. *State ex rel. Gresholdt v. Board of Appeals* (1961), 12 Wis. (2d) 516, 107 N. W. (2d) 484; *In re Folsom* (1955), 270 Wis. 100, 70 N. W. (2d) 30.

*By the Court.*—The portion of the judgment appealed from is reversed under sec. 251.32, Stats., without costs.

WILKIE, J., took no part.