CIHLAR, Appellant, v. HARVEY and another, Respondents.

*March 5—March 30, 1965.*

For the appellant there was a brief by *Byrne, Bubolz, Spanagel & Pfankuch* of Appleton, and oral argument by *William S. Pfankuch.*

No brief or appearance for the respondents.

BEILFUSS, J.   The question of whether the trial court abused its discretion in granting a new trial is the sole issue presented.

From our review of the entire record, the brief and argument of the plaintiff are quite persuasive.  However, because we have not had the benefit of a brief or oral argument from defendants, we decline to pass upon the matter on its merits but reverse under the statutory procedural rule.

Supreme Court Rule 57, sec. 251.57, Stats., provides:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

We reverse, "as of course," pursuant to Rule 57. *Fuller v. Fiedler* (1963), 19 Wis. (2d) 422, 120 N. W. (2d) 700; *Estate of Ohnstad* (1962), 15 Wis. (2d) 361, 112 N. W. (2d) 917; *Long v. Wallmow* (1938), 226 Wis. 660, 277 N. W. (2d) 704.

*By the Court.*—Order reversed with directions to reinstate the verdict and enter judgment thereon.