KULL and husband, Plaintiffs and Respondents, v. SEARS, ROEBUCK & COMPANY, Defendant and Appellant: DARDIS, Defendant and Respondent: PORITZ and another, copartners, d/b/a PORITZ PLUMBING & HEATING, Impleaded Defendants.

*No. 148. Argued October 5, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 393.)

2

4

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell*, attorneys, and *Kurt H. Frauen* and *George N. Kotsonis* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondents there was a brief and oral argument by *Adrian P. Schoone* and *Joseph J. Muratore*, both of Racine.

BEILFUSS, J. The appellant's contentions raise four issues:

1. Was Sears entitled to a directed verdict as a matter of law in that it had no duty to maintain or repair the border area beyond its lot lines?

2. Did the trial court err in instructing the jury not to consider the ownership of the area in answering the special verdict?

3. Did the trial court err in refusing to include a question concerning plaintiffs' contributory negligence in the special verdict?

4. Was Sears entitled to indemnification on its cross complaint against the defendant Hugh G. Dardis?

The appellant-Sears' principal argument is that its motion for a directed verdict should have been granted for the reason that it owed no duty to maintain the grass area located in a public way. In support of this contention the appellant relies primarily on the cases of *Peppas v. Milwaukee* (1966), 29 Wis. 2d 609, 139 N. W. 2d 579, 141 N. W. 2d 228, and *Hansen v. Schmidman Properties* (1962), 16 Wis. 2d 639, 115 N. W. 2d 495.

In both cases the plaintiffs were injured by falls caused by defects in driveways located in the area between a public sidewalk and the street. The defect in the *Peppas Case* was a deterioration of the concrete driveway and a depression in its surface, and in *Hansen* an accumulation of ice. In both, the driveways were, as here, not within the lot lines of the property owned or leased by the defendants but were a part of an area dedicated to the city as a street.

The defendant-lessee in *Peppas* was an auto dealer and used the driveway to enter the adjacent lot to park cars left for repairs. In *Hansen* the driveway was used primarily as an entrance to a parking lot for the defendant's tavern.

The jury found *Peppas* allowed a nuisance to exist. We reversed the judgment. In *Hansen* the trial court set

aside the jury verdict for the plaintiff and granted the defendant's motion for a directed verdict. We affirmed. In both cases the court found as a matter of law that the defendants were not liable for the plaintiffs' injuries. The *Peppas* decision stated at page 617:

"The jury found appellants Har-Van and Gardner to be liable on a nuisance theory because each knew of the dangerous condition of the driveway. The general rule in Wisconsin is that abutting landowners (or lessees) are liable for only such defects or dangerous conditions in a public way as are created by active negligence on their part. It is undisputed that the depression in the driveway was caused solely by natural deterioration of the concrete and that appellants did not contribute to the condition in any manner."

The injured plaintiff in *Peppas* relied on *Brown v. Milwaukee Terminal R. Co.* (1929), 199 Wis. 575, 224 N. W. 748, 227 N. W. 385, and *Plesko v. Allied Investment Co.* (1961), 12 Wis. 2d 168, 107 N. W. 2d 201, arguing for liability on a nuisance theory for knowingly permitting the driveway to remain in a dangerous condition. In finding that those cases which imposed liability on the property owner because of falling tree limbs were not controlling, the court noted that they were expressly distinguished in *Hei v. Durand* (1963), 22 Wis. 2d 101, 125 N. W. 2d 341, which involved a sidewalk defect "for the reason that in such cases the question of keeping a street or highway in repair is not involved, and the matter is wholly within the control of the property owner."

Plaintiffs in the present case argue that ownership of the land where the accident occurred is not essential here since appellant contributed to the defect and should be liable on the theory of nuisance. In addition to the *Brown* and *Plesko Cases,* respondents rely on several cases where the abutting owners were found liable for the creation or maintenance of a nuisance within the public roadway.

In *Holl v. Merrill* (1947), 251 Wis. 203, 28 N. W. 2d 363, the court found that the abutting landowner had excavated under and around the sidewalk on several occasions in the maintenance of its lawn sprinkling system, and that this "active interference" with the sidewalk constituted a nuisance sufficient to render it liable when the sidewalk tilted and the plaintiff fell and was injured.

In *First Nat. Bank & Trust Co. v. S. C. Johnson & Sons* (1953), 264 Wis. 404, 59 N. W. 2d 445, the defendant had employed a contractor to install a driveway leading onto its property. In order to do this the contractor had to break out a section of the city curb and then join it to a new one which it put in. The city curb crumbled at this point causing the plaintiff to fall. The court found the evidence sufficient to establish that the defendant's activities had caused the defect, that it was noticed by one of defendant's officers about a year before the injury occurred, and that defendant was liable on the theory of nuisance.

"We conclude that the findings that the defect in the city curb was caused by defendant's activities in building its own curb and in asphalting the former grass strip are supported by evidence and are not speculative.
"With it established that defendant S. C. Johnson & Sons, Inc., caused an unsafe, defective condition of a traveled portion of the public thoroughfare, that defendant must fail in its contention that it is not liable for the consequences.
" 'Abutting lot owners who obstruct or interfere with a road or sidewalk in such a way as to create a dangerous and defective condition are guilty of maintaining a nuisance.' *Holl v. Merrill* (1947), 251 Wis. 203, 28 N. W. (2d) 363, (headnote 1)." *First Nat. Bank & Trust Co. v. S. C. Johnson & Sons, supra,* page 409.

The testimony in this case established that the immediate area where the accident occurred had been dug up about a year before for the installation of a drain pipe which ran either directly under or very near the area of the hole. The drain was installed at Sears' request, en-

tirely for its own benefit so that the vacant lot could be used as a parking lot. Appellant-Sears does not dispute that the hole resulted from the installation of the drain.

If Sears had erected some fixture for its benefit above the surface of the ground it clearly would have had the duty to maintain it in a safe condition. The fact that this fixture was below ground level does not present any reasonable basis for distinguishing between the two. The installation of the drain pipe constituted the permissible use of the border area, but it imposed a duty not to create a defective or dangerous condition for persons who might cross the area.

The testimony also reveals that the manager of the Sears store on occasion inspected the area around the store, including the area in question and, further, that on some occasions a Sears' employee mowed over the depression with a rotary mower. Mowing the type of weeds there with the rotary mower tended to conceal the depression.

"One who maintains a nuisance created by another is liable for injuries sustained because of the danger incident thereto just as clearly as if he had himself created the danger in the first place. 'If the owner or the occupier of property continues a nuisance created thereon by others, he is liable, not because he owns or occupies the premises, but because he does not abate the nuisance.' 20 Ruling Case Law, p. 392.

" 'There can be no doubt, under the authorities ancient and modern, that an action lies against him who erects, and against him who continues a nuisance erected by another. The continuance and every use of that which is, in its erection and use, a nuisance, is a new nuisance, for which the party injured has a remedy for his damages.' *Cobb v. Smith*, 38 Wis. 21, 33. 'It is well settled that every continuance of a nuisance is, in law, a new nuisance.' *Ramsdale v. Foote*, 55 Wis. 557, 562, 13 N. W. 557." *Brown v. Milwaukee Terminal R. Co.*, *supra*, page 590.

A directed verdict should not be granted if there is any credible evidence including reasonable inferences that

could sustain the position of the opposing party. Here there is credible evidence which if believed was sufficient to sustain liability on the part of Sears upon the theory of nuisance or active negligence. The motion for a directed verdict by Sears was properly denied.

Sears argues that the trial court erroneously instructed the jury that it owed a duty to maintain the grass border area despite the fact that it was not located within the boundaries of its property.

Question No. 1 of the special verdict read:

"At the time and place in question and under the conditions shown by the evidence was the condition between the curb and sidewalk dangerous to persons walking upon such area?"

Following various instructions as to what would constitute a dangerous condition, the court said:

"In answering this question, or any other question of this special verdict, you are not to consider the ownership of the street, the area where the depression was located, or the sidewalk."

Question No. 2 of the special verdict read:

"Was the defendant, Sears, Roebuck and Company negligent in failing to have eliminated the dangerous condition prior to the injury to the plaintiff, Nola Kull?"

Following instructions as to what constitutes negligence, the court said:

"In connection with these questions, if you are required to answer them, you will consider whether such condition had existed for such length of time that had the defendant named in the question you undertake to answer exercised ordinary care as that term has been previously defined and explained, that defendant would have learned and known of such condition in time to have eliminated it prior to the time the plaintiff, Nola Kull, was injured. If you find that the named defendant in any such question personally, or by its agents, had actual knowledge or

in the exercise of ordinary care should have known of such condition prior to the time that Nola Kull was injured, then it was the duty of that defendant to eliminate the condition or give adequate timely warning thereof."

By instructing the jury not to consider the ownership of the land, and that Sears had a duty to eliminate the condition if it knew or should have known of it, the court in effect ruled that Sears had the duty to inspect and maintain the border area despite the fact that it was outside of its property.

It is not disputed that the installation of the drain pipe caused the hole in the grass area. Although the hole was in the land owned by the city it was caused by the installation of the drain pipe. The city did not install the drain pipe. It was installed at the direction of and for the benefit of Sears for utilization of the lot rented from Dardis. Under these circumstances Sears had a duty to inspect the area of the drain and eliminate any dangerous defects caused by the installation of the drain pipe, and the additional danger of the concealment of the hole by the weeds which was in part, at least, contributed to by Sears. The ownership of the land did not affect Sears' duty, and viewing the instruction as a whole there is no probability that the jury was misled by the instruction to disregard ownership. *Menge v. State Farm Mut. Automobile Ins. Co.* (1969), 41 Wis. 2d 578, 164 N. W. 2d 495.

The appellant contends that the trial court erred in refusing to incorporate in the special verdict a question as to the contributory negligence of the respondents.

The issue of contributory negligence is peculiarly one for the jury, and it normally cannot be said as a matter of law that a plaintiff was or was not guilty of contributory negligence once the issue is raised. *Bohn v. Racine* (1903), 119 Wis. 341, 96 N. W. 813. If the evidence presented does raise a question of whether the plaintiff was negligent with respect to the care he exercised for his own safety, the question should be included in the special

verdict. *See: Filipiak v. Plombon* (1962), 15 Wis. 2d 484, 113 N. W. 2d 365. But if there is nothing in the testimony which could support such a finding it is not error to refuse to submit the question. *Oshogay v. Schultz* (1950), 257 Wis. 323, 43 N. W. 2d 485.

The appellant first contends that Mrs. Kull's testimony does not indicate whether she was in fact paying attention to the area on which she was walking. This of itself is not sufficient, since contributory negligence must be established by evidence or by logical inference from it, and not by a mere absence of proof. Further, the burden of proof to establish contributory negligence is upon the defendant. *Grimm v. Milwaukee Electric Railway & Light Co.* (1909), 138 Wis. 44, 119 N. W. 833.

The appellant argues that there is considerable conflict in the testimony as to the nature of the hole and whether or not it was clearly visible. This is somewhat of an exaggeration of what the record shows. Neither Nola nor David Kull testified as to the visibility of the hole, or whether or not it was covered over by the weeds. The daughter, Cheryl Klepp, testified that when she went back with her father they had to pull the weeds back to see the size of the hole. Eugene Rummel, Sears' assistant manager, testified that the hole was completely covered by low growing weeds, and also that the weeds were down in the hole when he went out to examine them after Mrs. Kull had stepped into them and fallen.

The appellant also places great reliance on Exhibit 1, which Mr. Kull identified as a picture of the area before the weeds were lifted up. This exhibit indicates that it was taken on August 22d, two days after the accident occurred.

It appears then that the only evidence directly relating to the visibility of the hole was the statement by Mr. Rummel that the weeds were in the hole, and in the picture, Exhibit 1. There was no evidence concerning the appearance of the area prior to Mrs. Kull's fall. The

weight of what evidence there is seems considerably diminished since Mr. Rummel's observation was made after Mrs. Kull had stepped into the hole, thereby altering the appearance of the weeds to some extent; and the picture was taken two days later, after several people had examined the hole, pulled back the weeds to get an idea of how large and deep it was, and Mr. Kull had stepped into it while wearing a work boot. This evidence had little probative value in determining the visibility of the hole prior to Mrs. Kull's fall; and any finding of contributory negligence based on it would have been speculative.

There was not sufficient evidence to raise the question whether Mrs. Kull was negligent with respect to the care that she exercised for her own safety. The trial court did not err in refusing to submit that question to the jury.

In its motions after verdict, among other things appellant moved for judgment on its cross complaint for indemnification or, in the alternative, for contribution. By order dated August 19, 1969, the court ordered judgment in favor of appellant for contribution and judgment was entered on September 17th. On October 7, 1969, the court entered the order for judgment denying appellant indemnification and judgment was entered the same date.

Sears appeals from the judgment of October 7, 1969. Although served with a notice of appeal, the respondent-Dardis has neither appeared nor filed a brief in this appeal. The court may, therefore, in its discretion reverse the judgment upon this procedural ground pursuant to sec. (Rule) 251.57, Stats., which provides:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

*Herczeg v. Karns* (1968), 39 Wis. 2d 290, 159 N. W. 2d 47; *Cihlar v. Harvey* (1965), 27 Wis. 2d 269, 133 N. W.

2d 815; *Fuller v. Fiedler* (1963), 19 Wis. 2d 422, 120 N. W. 2d 700.

The question of breach of the clause of the contract calling for indemnification presented in the cross complaint was not submitted to the jury but was decided by the trial court after the jury had rendered its verdict.

It does not appear that a reversal here would constitute a manifest injustice such as this court has considered grounds for deciding the cause on its merits. *Household Finance Corp. v. Christian* (1959), 8 Wis. 2d 53, 98 N. W. 2d 390. Nor is there any indication that respondent-Dardis was financially or otherwise unable to appear in this appeal. *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 149 N. W. 2d 533.

Without the benefit of a brief or oral argument by respondent-Dardis, the judgment of October 7, 1969, is reversed "as of course" pursuant to the statute.

*By the Court.*—Judgment of July 21, 1969, affirmed; costs to respondents Nola Kull and David Kull. Judgment of October 7, 1969, reversed with directions to enter judgment in favor of the appellant, Sears, Roebuck & Company for indemnification pursuant to the demand of its cross complaint against defendant Hugh G. Dardis; Sears, Roebuck & Company to be awarded one half the costs.