CLARK, Plaintiff and Respondent, vs. McCARTHY, Defendant and Appellant, and BOLTON, Defendant and Respondent.

*December 7, 1932—March 7, 1933.*

For the appellant there were briefs by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee*.

For the respondent Clark there was a brief by *Donovan & Gleiss* of Tomah and *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth* and *T. P. Donovan*.

For the respondent Bolton there was a brief by *Ernest H. Pett* and *Sanborn, Blake & Aberg,* all of Madison, and oral argument by *John B. Sanborn*.

The following opinion was filed January 10, 1933:

WICKHEM, J.   The first contention of the defendant is that there is no evidence to sustain the jury's verdict that defendant was negligent.   In the view the court takes of this case, this is the only contention that requires treatment in this opinion.

The plaintiff and Bolton were rendered unconscious, and neither their testimony nor that of Tremain went much further than the assertion that the Bolton car was on its right side of the highway.   Bolton testified that he did not see the car of the defendant McCarthy before the collision. The plaintiff Helen Clark claims to have seen the McCarthy car as the Bolton car was coming around the curve.   She stated that she had no idea how fast the McCarthy car was coming.   She further testified that she did not claim that McCarthy was on the wrong side of the road.   Tremain testified that he noticed the McCarthy car as the Bolton car rounded the curve; that he was unable to determine the speed

of the McCarthy car, and did not know what its location on the highway was.

It will be seen from this testimony that there is not a scintilla of evidence on the part of the plaintiff, Bolton, or Tremain which in any way establishes or tends to prove negligence on the part of McCarthy with respect to speed, lookout, control, or yielding half of the highway, unless it be that the testimony that the Bolton car was on its right side of the road, if believed by the jury, could be the foundation for the inference that the McCarthy car must not have been on its own side of the road. We have concluded that this contention cannot be sustained. Had plaintiff's witnesses testified to McCarthy's presence on the wrong side of the road, a clear jury question would have been presented. *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97, 244 N. W. 757. But the testimony offered by plaintiff seems to us to lead to no explanation of the accident whatever that rises above the dignity of a guess. It amounts to this: So far as plaintiff's witnesses could observe, McCarthy's car was not proceeding at a high speed, or upon the wrong side of the road, and neither was the car in which plaintiff was riding. In spite of this the accident happened. It seems to us that a jury could only speculate as to the cause of the collision upon the basis of such testimony. Aside from this testimony the evidence of plaintiff consists entirely of inferences which it is claimed may reasonably be drawn from the physical facts and from certain testimony offered by defendant McCarthy's witnesses.

With respect to the speed at which the defendant McCarthy operated his car, plaintiff's contention may briefly be summarized. Two of the guests of the defendant were girls who were employed at a hotel in Kilbourn. They were required to be back at the hotel at a certain hour, and at the time of the accident it was 10:30 p. m. One of these girls had been driving until shortly before the collision,

when McCarthy took the wheel. This is urged as the basis for an inference that McCarthy was probably speeding to get his guests home in good season. But the hour at which the girls were to return does not appear in the record, and the inference consequently cannot reasonably be drawn.

The further argument is made that since there is positive testimony that the Bolton car was proceeding at a very moderate rate, since the accident could be found by the jury to have happened some fifty feet north of the culvert, and since McCarthy's car, after a terrific impact, with the brakes partly engaged and the front wheel and front axle so damaged as to impede its progress, proceeded for forty-five feet after the collision, that there is sufficient evidence of high speed on the part of the defendant McCarthy to go to the jury. It is contended that such circumstances have been held by this court to warrant an inference of high speed. *Ortmann v. A. Leath & Co.* 187 Wis. 616, 205 N. W. 397; *West v. Day,* 193 Wis. 187, 212 N. W. 648; *Rubach v. Prahl,* 190 Wis. 421, 209 N. W. 670.

Assuming, without deciding, that the contention is sound and that the finding of the jury must be sustained, this finding would not be sufficient, standing alone, to support this judgment. When two cars proceeding upon a highway in opposite directions collide, the speed of either or both vehicles can only contribute to the accident in connection with some circumstance. For example, if the speed of the vehicle contributes to want of control or to its presence on the wrong side of the highway, it may be considered one of the causes of the collision. It is difficult to see, however, how the mere speed of a vehicle can be a factor in such an accident, provided both cars maintain their proper place on the highway, and provided the highway itself is wide enough to permit them to pass each other without interference. Hence in this case we think the special verdict as to speed will not of itself support the judgment, and that it is neces-

sary that plaintiff also show acts of negligence on the part of the defendant McCarthy which brought him onto the wrong side of the highway.

It therefore becomes necessary to consider whether the findings of the jury as to defendant McCarthy's negligence in driving upon the wrong side of the road, in properly controlling his car, and in lookout, are supported by inferences that may reasonably be drawn from the physical facts and from certain testimony of defendant's witnesses.

With respect to lookout, it is asserted by the plaintiff to be an undisputed fact that McCarthy and his guests were engaged in singing as they drove, and that they must have been so engaged right up to-the moment of impact since the singing did not commence until they left a filling station less than a mile from the accident, and one of the songs alone consumed three minutes. From this it is contended that an inference may be drawn that defendant McCarthy and his guests were not directing their attention to problems of traffic. It seems to us that this contention does not merit extended consideration. We think that an inference of negligent lookout from these facts cannot be sustained as reasonable.

The other contention is that the Chevrolet was in plain sight; that there is evidence from which a jury could conclude that it was on its right side of the road, and that it was struck on its left side inwardly and not from the front. Plaintiff claims that this leads to two possible inferences: first, that McCarthy was not maintaining a lookout, or, second, that he saw the car and deliberately turned across the center of the road so as to collide with it. This contention is so closely related to the alleged negligence with respect to control and failure to yield half of the roadway, that whatever is said concerning it may well apply to all of these claimed acts of negligence. Assuming that the nature of the injuries to the two cars may reasonably lead to the conclu-

sion that the Chevrolet was struck on its side, we think that plaintiff's contention cannot be sustained. These physical facts are just as consistent with the Chevrolet being on the wrong side of the road and making a sudden turn to the right to return to its proper side, as they are with the assumption that the defendant McCarthy turned suddenly into the Chevrolet while the Chevrolet was on its own side of the road. Since we have held that there is no oral testimony which could reasonably lead to the conclusion that McCarthy was negligent with respect to control, lookout, or yielding half of the roadway, the case of plaintiff must stand or fall upon such inferences as may properly be drawn from the physical facts, standing alone. We think that no inferences of negligence can be drawn from the nature of the injuries to the cars or the ultimate location of the cars upon the highway after the accident. A jury could only speculate as to the significance of these physical facts.

These considerations lead us to the conclusion that there is no evidence from which a jury could conclude that the defendant McCarthy was negligent in any respect unless it be the speed at which his car was driven, and that this item of negligence would not, standing alone, sustain the verdict. This makes it unnecessary to consider the various assignments of error made by the defendant McCarthy. In view of this disposition of the appeal and the fact that there was no notice to review, the question of Bolton's liability is not before us.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on March 7, 1933.