BARKDOLL, Respondent, vs. WINK and others, Appellants.

*September 11—October 7, 1941.*

For the appellants the cause was submitted on the brief of *Bender, Trump & McIntyre* of Milwaukee.

For the respondent there was a brief by *Frank T. Linke,* attorney, and *John H. Keller* of counsel, both of Milwaukee, and oral argument by *Mr. Keller.*

MARTIN, J. Appellants contend that the circuit court erred in finding that the plaintiff was free from negligence and in failing to affirm the civil court's finding that plaintiff was guilty of forty per cent of the causal negligence and in failing to affirm the judgment of the civil court.

North Sixteenth street extends in a northerly and southerly direction. It is intersected by Clybourn street which extends in an easterly and westerly direction. At the approach to the intersection from the north there is a decline. On the date in question both streets were covered with ice and

very slippery. The plaintiff testified that his speed did not exceed twenty miles per hour as he approached the intersection; that he reduced his speed to seven or eight miles per hour as he entered the intersection and before making the turn west into Clybourn street; that he had his hand out through the left door window of his car for a distance of one hundred feet before reaching the intersection, and kept it out until he had started to negotiate the turn west into Clybourn street; that before entering the intersection he observed defendant Wink's auto to the north of the intersection from one hundred fifty to two hundred feet; that he concluded it was perfectly safe to make a turn west at the intersection; that while he was still in the intersection he noticed that the Wink car was very close, about twenty or thirty feet away; that he estimated the speed of the Wink car at nearly thirty miles per hour; that he stepped on the accelerator to get out of the way, but on account of the icy condition of the street he could not make it.

Plaintiff further testified that it appeared as though defendant Wink did not see plaintiff's car because he made no attempt to slacken his speed or to turn the car; that the front of his car was close to the west curb line of Sixteenth street when the collision occurred; that as he turned at the intersection he was to the right of the north tracks. He estimated that the south wheels of his car were probably close to the north rail or a little north of it. There were double streetcar tracks on Clybourn street, running east and west. The north rail was seven and one-half feet north of the center of the street.

Defendant Wink testified that as he approached Clybourn street he was going about twenty miles per hour; that he was two or three feet west of the center of Sixteenth street; that he first observed plaintiff's auto when it was about three fourths turned in the intersection; that at that time his car was approaching the crosswalk; that he applied his brakes

but could not stop and slid into the plaintiff's car; that the green light was in his favor; that he had not noticed the plaintiff's car until he reached the crosswalk because he was watching the lights and other traffic; that he was one-half block north of the intersection when the lights changed from amber to green.

It is apparent that plaintiff did not make the turn in the intersection to the left of the center of the intersection as required by sec. 85.17 (2), Stats. Said subsection provides:

"(2) *Turning left.* The operator of a vehicle intending to turn to the left at an intersection or into a private highway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway."

Had plaintiff turned in the intersection as required by the statute, instead of proceeding to the north in the intersection to a point approximately in line with the north rail of the streetcar tracks, he might thereby have avoided the collision.

Sec. 85.18 (5), Stats., provides:

"(5) *Vehicles turning left in the intersections.* The operator of a vehicle within an intersection intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision."

The respondent argues that because he gave a visible signal of his intention to turn in the intersection as he approached and entered same, as required by sec. 85.18 (1), Stats., the provisions of sec. 85.18 (5) are inapplicable.

The court has held that the provisions of sec. 85.18 (1), Stats., and sec. 85.18 (5) are not alternative in operation.

In *Hansen v. Storandt,* 231 Wis. 63, 67, 285 N. W. 370, the court said:

"Sec. 85.18 (1), Stats., gives the right of way to the driver who is making a left turn *only* if the latter gives a plainly visible signal of intention to turn. Sec. 85.18 (5), Stats., provides that persons making a left turn may do so *only* after affording reasonable opportunity to the operator of an approaching vehicle to avoid a collision. These are separate and distinct provisions. The first makes the right of way of the turning driver depend upon the giving of a signal for a left turn. The second requires that left turns be made *only* after affording a reasonable opportunity to the driver of the approaching vehicle to avoid a collision."

Plaintiff testified:

"After I took my second observation I saw this car [Wink's] approaching at a lively rate of speed; I would estimate in the neighborhood probably near thirty miles an hour."

"I saw the other car [Wink's] coming from the north *after I turned west.* It was very close then; I would say about twenty or thirty feet away."

The civil court found that plaintiff was causally negligent in failing to make a second observation after he entered the intersection and before he attempted to negotiate his left turn to proceed west on Clybourn street. The mere signaling of his intention to make a left turn at the intersection was not the full measure of his duty under the existing circumstances. As the court said in *Hansen v. Storandt, supra,* the provisions of sec. 85.18 (5), Stats., were applicable. Plaintiff's right to invade the west half of the intersection in the path of the oncoming car was subject to his duty to afford that car a reasonable opportunity to avoid a collision.

Accepting the plaintiff's testimony as true that the speed of his car in the intersection was between seven or eight miles per hour, if he had made a reasonable observation while in the intersection and before attempting to invade the west

half thereof, he could have stopped his car in time to avoid the collision; or had he turned to the left at the center of the intersection, instead of proceeding therein as far north as he did, he might have cleared the intersection in time to avoid the collision.

Upon an appeal from the civil court of Milwaukee county to the circuit court, the findings of the civil court may not be disturbed unless they are against the clear preponderance of the evidence. *Wald v. Mitten,* 229 Wis. 393, 396, 282 N. W. 634, and cases cited.

The finding of the civil court, that the plaintiff was causally negligent, was not against the clear preponderance of the evidence.

The defendant's negligence is conceded, and there appears to be no issue as to damages. It must be held that the circuit court erred in finding plaintiff free from negligence and in failing to affirm the judgment of the civil court.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment affirming the judgment of the civil court.