Konow, Respondent, vs. Gruenwald and another, Appellants.*

*October 16—November 10, 1942.*

* Motion for rehearing denied, with $25 costs, on January 12, 1943.

For the appellants there was a brief by *Hanson, Weinke, O'Neill & Tonjes* of Fond du Lac, and oral argument by *Edward T. O'Neill.*

For the respondent there was a brief by *Fellenz, Worthing & Fellenz* of Fond du Lac, and oral argument by *L. J. Fellenz.*

FAIRCHILD, J. This case involves a head-on collision between plaintiff's car and a snowplow driven by defendant Gruenwald. The collision occurred during a blizzard in a cut in the road which according to the evidence was between sixteen and eighteen feet wide. The snowplow was eight feet wide at its widest part with a four and one-half foot wing to the right side. The car was a 1940 Chevrolet. The evidence establishes that plaintiff was going about twenty miles per hour and defendant at between eight and twelve miles per hour. Defendant testified that eight miles per hour was the lowest speed at which he could drive the plow and still successfully push back the snow. At the time of the accident the plow was pushing back the snow to further open the highway. Defendant did not see plaintiff until the collision, possibly due to the fact that he had to keep an eye on the right side of the road to observe the effect of his operations. Plaintiff saw the plow fifteen or twenty feet before the collision but was unable to avoid the accident. In view of these facts, and the fact that the plaintiff was found to have been on the wrong side of the road, that is, was negligent with respect to where he operated his car, the conclusion is inevitable that the plaintiff, as a matter of law, was at least as negligent as defendant and therefore cannot recover.

In a head-on collision the chief cause of the accident is generally the position of the cars on the highway. In *Clark v. McCarthy,* 210 Wis. 631, 635, 246 N. W. 326, it is said:

"When two cars proceeding upon a highway in opposite directions collide, the speed of either or both vehicles can only contribute to the accident in connection with some circumstance. For example, if the speed of the vehicle contributes to want of control or to its presence on the wrong side of the highway, it may be considered one of the causes of the collision. It is difficult to see, however, how the mere speed of a vehicle can be a factor in such an accident, provided both cars maintained their proper place on the highway, and provided the

highway itself is wide enough to permit them to pass each other without interference."

The jury found here that plaintiff was on the wrong side of the road. There is no evidence that the road was not wide enough for the two vehicles to pass each other; all the evidence is to the contrary. If defendant was on the right side of the road, it is difficult to see how his speed or his management or control contributed to the accident. If plaintiff was on the wrong side of the road, his speed was unimportant except as it affected his chance to extricate himself from the dangerous position in which he found himself by reason of his driving on the wrong side of the road. Both parties were found negligent as to lookout, and while it is true the fact that both parties were negligent in the same respect does not mean that their negligence was equal, it would seem that here the greater fault, if one was greater than the other, is to be attributed to the driver of the car who was driving in the middle of the road. Negligence involves the idea of an unreasonable risk. The driver of the snowplow had to watch what was happening on the right side of the plow, and he had an important public service to perform. He was justified in taking what risks were necessary, as for instance driving at eight miles per hour in very poor visibility, in order to open up the roads and keep them open during a blizzard. Since he was on his own side of the road, he certainly had some right to assume that a car from the opposite direction would not invade his lane of travel.

From all of this we conclude that the plaintiff was at least as negligent as the defendant and so cannot recover. It is therefore not necessary to consider whether under these circumstances a snowplow is an "emergency vehicle."

*By the Court.*—Reversed and remanded with directions to dismiss the complaint.