Twila RUDE, Plaintiff-Appellant,

v.

NORTHWESTERN NATIONAL CASU-
ALTY CO., Defendant and Third-
Party Plaintiff-Appellee,

Milwaukee Automobile Insurance Co.,
Limited Mutual, Third-Party De-
fendant-Appellee,

and

Norbert E. Algiers, Third-Party De-
fendant-Appellant.

Nos. 11851, 11852.

United States Court of Appeals
Seventh Circuit.

June 10, 1957.

Lawrence E. Hart, Madison, Wis.,
John L. Schlatterer, Milwaukee, Wis., D.
V. W. Beckwith, Madison, Wis., W. L.
Jackman, Madison, Wis., for defendant
and third-party plaintiff-appellee, North-
western National Casualty Co.

Floyd A. Brynelson, James C. Herrick,
Madison, Wis., for plaintiff-appellant,
Twila Rude.

Before MAJOR, FINNEGAN, and
SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Twila Rude, plaintiff, while a guest
passenger in an automobile owned and
operated by Dorothy McCourt, sustained
injuries as the result of a collision be-
tween the McCourt vehicle and one
driven by the defendant, Norbert E.
Algiers. While those two automobiles
were on the highway after the accident,
the McCourt car was struck by an auto-
mobile which Robert Scott was operating.
Scott is not a party to this action and
that excludes any issue of negligence on
his part. McCourt is the assured of the
defendant Northwestern National Cas-
ualty Company and on that Insurance
Company's motion the third-party-de-
fendants, Milwaukee Automobile Insur-
ance Co., Limited Mutual and Norbert E.

Algiers, Milwaukee's assured, were brought into this lawsuit and a claim asserted against them by Northwestern for contribution, based upon Algiers' alleged negligence.

After Algiers was impleaded as a defendant, he cross-claimed against Northwestern seeking damages for McCourt's alleged negligence. The jury returned a special verdict finding: (1) Northwestern's insured guilty of no negligence; (2) Algiers, the third-party-defendant guilty of negligence. Judgment was entered upon the verdict. From the order dismissing plaintiff's complaint on the merits, Rude has appealed. Algiers has taken a separate appeal from that portion of the final judgment providing: "that * * * the cross-claim of third-party defendant, Norbert E. Algiers against * * * Northwestern National Casualty Company, be and they hereby are dismissed on their merits * * *."

Rude and Algiers filed a joint brief asking for reversal and a new trial because: (1) the trial judge refused to submit to the jury a question of McCourt's speed and, (2) the issue whether McCourt's speed crystallized by the pleadings and evidence constituted causal negligence. But these points are without merit and we leave undisturbed the judgment and all its phases brought here for review.

██ Algiers failed to request the inclusion of the question, stated as (1)

above, in the special verdict before the jury retired. He cannot now cure his waiver under Rule 49(a) Federal Rules of Civil Procedure, 28 U.S.C. by joining with Rude. See e. g. Union Pacific Railroad Co. v. Bridal Veil Lumber Co., 9 Cir., 1955, 219 F.2d 825, 831. Apparently only Rude filed an amended request for special verdict before the issues were sent to the jury.

██ Since the only error urged by both Rude and Algiers is based upon the refusal to submit questions to the jury asking whether McCourt was guilty of causal negligence, we think a lengthy statement of facts unnecessary. The accident occurred November 24, 1954, at 9:05 P.M. along a straight stretch of highway 12 outside the corporate limits of any city or village. This macadam, black top, concrete two-lane highway is about 20 feet eight inches wide, with shoulders nine feet wide on the north side and eight feet ten inches wide on the south side. Both drivers testified that they had their lights on dim at the time of the accident. Algiers stated his lights were on low beam because of the falling snow. Miss McCourt testified that she was traveling about forty miles per hour as she approached the place where the accident occurred; Algiers testified his speed at the time of the accident was approximately twenty-five miles per hour. He testified that the two cars hit head-on, "about three-quarters full head on." Significantly the jury found[1] Miss Mc-

1. "We the jury, for our special verdict in the above-entitled action, answer the questions submitted as follows:

"1. At the time of the collision in question, on November 24, 1954, was Dorothy McCourt negligent in the operation of her automobile in any of the following respects:

(a) As to lookout?     Answer: No
(b) As to management and control?     Answer: No
(c) As to the position of her automobile on the highway?     Answer: No
*     *     *     *     *

"3. At the time of the collision in question, on November 24, 1954, was Norbert E. Algiers negligent in the op-

eration of his automobile in any of the following respects:
(a) As to lookout?     Answer: No
(b) As to management and control?     Answer: Yes
(c) As to the position of his automobile on the highway?     Answer: Yes
*     *     *     *     *

"4. Was such negligence on the part of Norbert E. Algiers a cause of the collision in any of the following respects:
(a) As to lookout?     Answer: ——
(b) As to management and control?     Answer: Yes
(c) As to the position of his automobile on the highway?     Answer: Yes"

Court not negligent as to the position of her automobile on the highway, management and control, nor as to lookout. After examining all of the record we think the major point raised here fits into, and is controlled by the Wisconsin decisions reported as: Clark v. McCarthy, 1933, 210 Wis. 631–635, 246 N.W. 326; Patterson v. Phillips, 1934, 216 Wis. 165–170, 256 N.W. 624; Konow v. Gruenwald, 1942, 241 Wis. 453–455, 6 N.W.2d 208, 209. In the Konow case, citing and quoting from Clark v. McCarthy, we find this statement: "When two cars proceeding upon a highway in opposite directions collide, the speed of either or both vehicles can only contribute to the accident in connection with some circumstance. For example, if the speed of the vehicle contributes to want of control or to its presence on the wrong side of the highway, it may be considered one of the causes of the collision. It is difficult to see, however, how the mere speed of a vehicle can be a factor in such an accident, provided both cars maintained their proper place on the highway, and provided the highway itself is wide enough to permit them to pass each other without interference." See also Bachmann v. Bollig, 1955, 270 Wis. 82, 70 N.W.2d 216.

Instructions given the jury at Rude's trial adequately protected her interests: "The Statutes involved in this case will be these: Section 85.15 of the Wisconsin Statutes, which was in force and effect at the time of this accident, requires that upon all highways of sufficient width, the operator of a motor vehicle shall operate the same upon the right half of the roadway, unless it is impractical to travel on the right half of the roadway, and unless he is overtaking and passing another vehicle going in the same direction. This same Statute requires that operators of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.

"Section 85.40, Subsection 2 of the Wisconsin Statutes, which was in force and effect at the time of this collision, provides that no person shall operate a vehicle at a speed greater than is reasonable and prudent under conditions and having regard for the actual and potential hazards then existing, and that that speed of the vehicle shall be so controlled as may be necessary to avoid colliding with any vehicle on the highway in compliance with legal requirements and using due care.

"Subdivision (b) further provides that the operator of every vehicle shall drive at an appropriately reduced speed when a special hazard exists with regard to other traffic or by reason of weather or other highway conditions.

"Accordingly, where roads or streets are slippery, or visibility poor, or any other conditions are present that make driving at the permitted speed for ordinary, normal conditions dangerous, then driving at a speed greater than an ordinarily prudent driver would use under the same or similar circumstances is negligence."

"*The speed at which the automobiles of Miss McCourt or Mr. Algiers were being driven at the time of the accident may be considered by you in determining if either driver was negligent as to management and control.* (Italics ours.)

"It is the duty of drivers of automobile vehicles to exercise ordinary care to have such vehicles under control when they are driving along the public highway. To determine whether they exercise such care, you must consider all the circumstances which are present— such as the width and condition of the highway, the opportunity of each driver to observe approaching traffic, the opportunity to stop or change the course of his vehicle, and all other facts and circumstances concerning the management and control he exercised just at and prior to the collision."

"*Therefor, it is for you to say from the evidence whether the speed of the automobiles driven by Miss McCourt and Mr. Algiers under all of the conditions then and there present, constituted negligence on their part or on the part of either.*

*"You will consider that on the question of management and control of the cars."* (Italics supplied.)

We are unpersuaded that reversible error was committed at the trial below and affirm, in all respects, the final judgment appealed, entered in the district court on April 30, 1956.

Judgment affirmed.