**Marjorie LAMBIE, Plaintiff-Appellee,**

v.

**Leroy TIBBITS and Herman Mutual Insurance Company, Defendants-Appellants,**

and

**Clinton Avery and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.**

No. 12559.

United States Court of Appeals Seventh Circuit.

May 14, 1959.

Robert E. Storck, Mayville, Wis., for appellants.

Frank D. Hamilton, Dodgeville, Wis., John T. Harrington, Madison, Wis., for appellees.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

This diversity action was brought by plaintiff-appellee, Marjorie Lambie, to recover damages for personal injuries and medical expense arising out of an automobile collision at a blind hill crest on a county gravel highway in Iowa County, Wisconsin. Plaintiff was riding as a guest in an automobile operated by defendant, Clinton Avery, which was insured by defendant, State Farm Mutual Automobile Insurance Company. The Avery vehicle collided with an automobile driven by defendant, Leroy Tibbits, whose car was insured by defendant, Herman Mutual Insurance Company. The jury returned a verdict for plaintiff finding both Avery and Tibbits causally negligent and judgment for plaintiff was rendered thereon, from which Tibbits and his insurance carrier alone have appealed. Avery died prior to trial from causes not arising from the collision.

By a special verdict the jury found Tibbits causally negligent as to speed but not negligent as to his position in the highway and as to management and control of his automobile and found Avery causally negligent as to his position in the highway and as to management and control of his vehicle but not negligent as to speed. The error relied upon arises out of the refusal of the trial court to grant a motion of Tibbits and Herman Mutual Insurance Company for judgment notwithstanding the verdict, or, in the alternative, to change the answers in the special verdict as to the speed of Tibbits being a cause of the accident and for judgment thereon favorable to appellants.

The sole contested issue is whether there was credible evidence, with all the inferences that justifiably could be drawn from it, to constitute a sufficient basis for the special verdict of the jury finding that the speed of Tibbits was a cause of

the collision and resulting injury and damage to plaintiff.

The accident occurred on May 23, 1955 about 7:30 o'clock in the evening at dusk. The country road was about 26 feet wide and ran generally in a north and south direction at the scene of the collision. Tibbits was traveling north about 50 miles per hour and Avery was going south about 40 miles per hour. Tibbits was familiar with the road and the blind hill crest. Tibbits was driving on his own right half of the highway and, because of the intervening hill crest, was unable to see the approaching Avery car until they were 60 to 100 feet apart and at that instant it was too late for Tibbits to stop or avoid a collision. At the same time Avery was ascending the north slope of the hill with plaintiff seated in the front seat beside him. Just before the collision Avery applied his brakes so that the tires of his car left skid marks on the surface of the road for a distance of 42 feet leading from the north up the hill to a point where the left front wheel of his car came to rest after the impact to the east of the center of the highway in Tibbits' lane of traffic. Tibbits' car left no tire marks on the road surface and at all times was in his own right hand lane of the highway. We need not further extend the statement of facts.

Questions raised by a motion for judgment notwithstanding the verdict are the same as those raised by a motion for a directed verdict. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147; Shaw v. Edward Hines Lumber Co., 7 Cir., 1957, 249 F.2d 434, 437. It is well-settled that in ruling on such a motion we must view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to plaintiff, (Id. at page 439), and that we must determine whether such evidence would justify submission of the case to the jury. Gunning v. Cooley, 1930, 281 U.S. 90, 92, 50 S.Ct. 231, 74 L.Ed. 720. A consideration of the record in this case leads us to the conclusion that the determination of whether Tibbits' speed was an act of causal negligence was a question properly left to the jury.

Appellants strongly urge that the *speed alone* of Tibbits' car, under the circumstances of this case could not, as a matter of law, have been a cause of the accident, relying upon Clark v. McCarthy, 1933, 210 Wis. 631, 246 N.W. 326.[1] However, that case has been distinguished by the Supreme Court of Wisconsin in Taylor v. Hardware Mutual Insurance Co., 1958, 3 Wis.2d 27, 29–30, 87 N.W.2d 525, 526, in the following language:

"Defendant's contention that as a matter of law Boyle's negligence with respect to speed was not a cause of the accident, cannot prevail. On Boyle's own testimony he drove at a speed at which he could not stop within the range of his vision. The jury could well have considered that the excessive speed prevented Boyle, when he saw the danger, from slowing down, detouring, or stopping in time to avoid a collision or at least to reduce the force of the impact to a degree where it would have been harmless. *In such a case, the negligence with respect to speed is causal.* Jewell v. Schmidt, 1 Wis.2d 241, 249, 83 N.W.2d 487; Gimbel v. Goldman, 256 Wis. 28, 31, 39 N.W.2d 768. As explained in those cases, Clark v. McCarthy, 210 Wis. 631, 246 N.W. 326, *is not to the contrary.*" (Emphasis added.)

We have considered other cases cited by appellants and find them to be inapposite.

In light of Taylor v. Hardware Mutual Insurance Co., supra, and under the circumstances in this case, a jury question was presented as to whether the negligent speed of Tibbits' car was one of the causes of its collision with the approaching car, occurring in his traffic lane, when the view of Tibbits was obstructed and his speed was such that he could not slow down, stop or detour to avoid the collision.

1. Cited in the Northwestern Reporter as Clark v. Bolton.

We hold that the trial court did not err in refusing to grant appellants' motion for judgment notwithstanding the verdict, or in the alternative in refusing to change the answers in the special verdict as to speed of Tibbits' car. No question is raised in this appeal as to the judgment against the remaining defendants.

The judgment below is

Affirmed.