70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elizabeth SCHWARTZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-2719.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1995.
Decided Nov. 27, 1995.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Elizabeth Schwartz filed a Federal Tort Claims Act suit, 28 U.S.C. Sec. 2671 et seq., following an accident between an automobile in which she was a passenger and a United States Army semi tractor-trailer truck. After a bench trial the district court granted judgment to the United States, and Schwartz appeals. We affirm.
 
 FACTS
 
 2
 At approximately 6:20 p.m. on December 9, 1991, a Pontiac Grand Am driven by Tammy Schroeder collided with an Army semi tractor-trailer truck at the intersection of Ballard Road and Northland Avenue in Appleton, Wisconsin.[1] The Pontiac approached from the south on Ballard Road, and halted in the intersection to make a left turn onto Northland Avenue. The Army truck, part of a group of Army vehicles, approached from the north on Ballard Road's left lane under a 35 mile-per-hour speed limit. As the Army vehicles neared the intersection, the Pontiac moved slightly (twelve to eighteen inches) over the center line.
 
 
 3
 Elizabeth Schwartz was seated in the front passenger seat of the Pontiac. As the truck driven by Private First Class Mark White entered the intersection,[2] the traffic light turned yellow. When the light turned yellow, the Pontiac made the left turn onto Northland Avenue in front of the oncoming truck. The truck was unable to slow down in the time and distance available; it struck the car broadside and both vehicles skidded across the intersection. Schwartz was seriously injured.
 
 
 4
 On April 3 and 4, 1995, the district court conducted a bench trial on the issue of liability. It concluded that Private White had probably been driving between 30 and 35 miles per hour as he approached the intersection. Given the conditions that it was dark, the road was slightly damp, the truck needed extra braking time, the traffic light had been green for some time, and Private White saw the Pontiac invading his lane of traffic, it concluded that an appropriate reduced speed would have been 30 miles per hour. Thus, Private White, although under the speed limit, was driving slightly faster than conditions warranted and thus was slightly negligent. The court also found, however, that the United States was not liable because Schwartz had failed to prove causation under Wisconsin tort law. The court granted judgment for the United States, and this appeal followed.
 
 STANDARD OF REVIEW
 
 5
 Under the Federal Tort Claims Act, the court applies "the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b); Lange v. United States, 31 F.3d 535, 542 (7th Cir.1994). Consequently we look to Wisconsin's negligence principles, which require a plaintiff to show that 1) the defendant owed a duty of care; 2) the defendant breached that duty; 3) the breach caused the plaintiff's injury; and 4) loss or damage resulted from the injury. Hammann v. United States, 24 F.3d 976, 979 (7th Cir.1994). The plaintiff has the burden of proof on these elements by the "greater weight of credible evidence." Jones v. Dane County, 537 N.W.2d 74, 85 (Wis.Ct.App.1995).
 
 
 6
 In a negligence action, the question of causation is decided by the trier of fact. Id. at 84-85. This court reviews a district court's findings of fact under a clearly erroneous standard. Fed.R.Civ.P. 52(a); Lange, 31 F.3d at 539. "A finding is clearly erroneous when, although there may be some evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Savic v. United States, 918 F.2d 696, 700 (7th Cir.1990) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)), cert. denied, 502 U.S. 813 (1991). The fact finder's decision cannot be clearly erroneous where it is one of two permissible views of the evidence. Ambrosino v. Rodman & Renshaw, Inc., 972 F.2d 776, 784 (7th Cir.1992). This court may not reverse simply because it would have chosen differently. Id.
 
 ARGUMENT
 
 7
 Schwartz's argument centers around the element of causation. The district court found that White was slightly negligent, but held that White's negligence was not a cause of the accident. Schwartz argues that the district court focussed improperly on the accident as a whole, and that the proper question should be whether White's negligence caused the injuries she suffered: if he had been traveling slower, she claims, the car would have moved farther through its turn and the truck would have struck the car differently, causing her different, and presumably less severe, injuries. Thus, she contends, even though White's negligence was slight, it directly caused her injuries.
 
 
 8
 In Wisconsin, negligence and causation are separate, so a finding of causation will not necessarily follow a finding of negligence. Fondell v. Lucky Stores, Inc., 270 N.W.2d 205, 209 (Wis.1978). On the element of causation, Wisconsin tort law requires that the defendant's conduct be a "substantial factor" in producing the plaintiff's harm, Fischer v. Ganju, 485 N.W.2d 10, 19 (Wis.1992). "Harm" for these purposes does not necessarily mean the plaintiff's injuries in particular; at least one court has stated that the test for causation is whether the defendant's negligence was a significant factor in producing the harm from which the damages were claimed. Johnson v. Misericordia Comm. Hosp., 294 N.W.2d 501, 520 (Wis.Ct.App.1980), aff'd, 301 N.W.2d 156 (Wis.1981). "Substantial factor" " 'denotes that the defendant's conduct has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense.' " Fischer, 485 N.W.2d at 19 (quoting Clark v. Leisure Vehicles, Inc., 292 N.W.2d 630, 635 (Wis.1980)). The plaintiff has a twofold burden: she must produce evidence from which a jury could reasonably find a causal nexus between the negligence and her injury, and she must persuade the jury that the negligence in fact caused her injury. Id. There may be multiple substantial factors contributing to the same result. Young v. Professionals Ins. Co., 454 N.W.2d 24, 27 (Wis.Ct.App.), review denied, 457 N.W.2d 323 (Wis.1990); Clark, 292 N.W.2d at 635. The causation test "has been described as one of significance rather than quantum." Ehlinger v. Sipes, 454 N.W.2d 754, 758 (Wis.1990).
 
 
 9
 The Restatement (Second) of Torts Sec. 433 (1965) lists three elements to consider in the "substantial factor" analysis:
 
 
 10
 (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
 
 
 11
 (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
 
 
 12
 (c) lapse of time.
 
 
 13
 Commenting on clause (a), the Restatement (Second) states:
 
 
 14
 Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor. So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor.
 
 
 15
 Wisconsin courts have approved the use of Sec. 433. Toeller v. Mutual Service Casualty Ins. Co., 340 N.W.2d 923, 926 n. 3 (Wis.Ct.App.1983).
 
 
 16
 According to the district court, which in this bench trial acted as the finder of fact, Schwartz failed to carry the second part of her burden and persuade it that White's negligence was a substantial factor in causing her injuries. Because this view is not clearly erroneous, we affirm the district court's decision. Restatement (Second) Sec. 433(a) and its commentary, for example, favor the United States. The accident was much more attributable to the negligence of the Pontiac's driver than White's negligence. According to witnesses whom the district court found credible, there was nothing that White could have done to avoid the accident. This is sufficient for a reasonable person to find that White's negligence was not a cause, using the term's popular meaning, of the accident or of Schwartz's injuries.
 
 
 17
 Moreover, in the past, Wisconsin courts have recognized the high degree of negligence exhibited when a left-turner fails to yield the right of way, even where oncoming traffic traveled at an excessive speed. See Schwartz v. Winter, 75 N.W.2d 447 (Wis.1956) (plaintiff who turned in front of an oncoming car casually negligent); Taylor v. Hardware Mut. Ins. Co., 87 N.W.2d 525, 526-27 (Wis.1958) (noting "serious character" of negligence involved in turning left across oncoming traffic, but excessive speed casually negligent where defendant could not stop within the range of his vision); Paster v. Mutual Auto. Ins. Co., 102 N.W.2d 772, 776 (Wis.1960) (defendant violated an absolute duty to yield the right-of-way when making left in front of oncoming traffic); Guptill v. Roemer, 68 N.W.2d 579 (Wis.1955) (affirming order for new trial where jury grossly underestimated percent of negligence attributable to left-turner). The fact finder's determination of causation deserves deference: in Zartner v. Scopp, 137 N.W.2d 107, 110 (Wis.1965), the court refused to overturn a jury's determination that the defendant was entirely responsible for a collision, even though the plaintiff had been slightly negligent in the manner in which he made his turn. Further, in Lambie v. Tibbits, 267 F.2d 902, 903 (7th Cir.1959), this court held that it was a jury question whether the excessive speed of an oncoming vehicle was causal negligence of an accident. In line with these decisions, the district court's decision to apportion causation entirely to the driver of the Pontiac cannot be considered clearly erroneous.
 
 
 18
 Schwartz tries to distinguish between the cause of the accident as a whole and the cause of her injuries. Her argument about the effects of excessive speed is similar to one rejected nearly a century ago in Berry v. Sugar Notch Borough, 43 A. 240 (Pa.1899), where the plaintiff, a railroad engineer driving a train, exceeded the speed limit of eight miles an hour. A tree fell over and hit the train as it passed beneath, injuring the engineer. Against the contention that the excessive speed contributed to the severity of the accident and increased the damage, the court stated, "It may be that it did. But what basis could a jury have for finding such to be the case? and, should they so find, what guide could be given them for differentiating between the injury done this man and the injury which would have been done a man in similar accident on a car running at a speed of eight miles an hour or less?" Id. at 240. This court recently cited Berry in Milam v. State Farm Mut. Auto. Ins. Co., 972 F.2d 166, 169 (7th Cir.1992) (" '[B]ut for' is rarely an adequate notion of cause. We do not say that since, in all probability, Mr. Geiger would not have had an accident on I-70 if Columbus had not discovered America, Columbus caused the accident."). Similarly, Schwartz here asks the court to speculate on the extent of injuries she may or may not have received if White had been traveling slower. By arguing that her particular injuries were due to White's slightly negligent speed, she too seems to be advocating a "but for" rationale. Wisconsin, however, employs the "substantial factor" test rather than the "but for" formula.
 
 
 19
 A recent opinion of the Supreme Court of Wisconsin also casts doubt upon the validity of plaintiff's argument. In Beacon Bowl, Inc. v. Wisconsin Elec. Power Co., 501 N.W.2d 788, 796 (Wis.1993), the court decided not to extend the causation rule articulated in Ehlinger v. Sipes, 454 N.W.2d 754 (Wis.1990), beyond the area of medical malpractice. Ehlinger allowed a woman to show negative facts to satisfy her burden of proof that a doctor's negligence prevented her from taking medical treatment to prevent premature birth, and consequently caused injury to her twin children. Reviewing Ehlinger, the court concluded that, in effect, it had surmised causation based upon what the plaintiff's condition would have been had the defendant not been negligent. See Beacon Bowl, 501 N.W.2d at 806. It limited Ehlinger to cases, most prominently medical malpractice, where it is prohibitively difficult for a plaintiff to provide sufficient evidence of a positive fact, and it specifically stated that it wanted to avoid submitting to fact-finders cases "based on speculation or conjecture." Id. In this vehicular accident case, however, Schwartz's position contradicts the reasoning behind Beacon Bowl and asks this court to find causation based upon just such speculation and conjecture about the extent of her injuries had White been traveling at a slower speed.
 
 
 20
 The decision of the district court is AFFIRMED.
 
 
 
 [1]
 Northland Avenue has four lanes and runs east-west. Ballard Road has four lanes and runs north-south. The intersection is governed by traffic lights
 
 
 [2]
 The occupants of the Pontiac, including Schroeder and Deborah Land, a passenger in the rear seat, testified that they thought that the truck could and would stop at the intersection. Witnesses Dennis and Diane Van Nuland, who were waiting for the light to change, and Cynthia Gillis, the assistant driver of the Army truck, testified that the Army truck was just entering the intersection as the light turned yellow. The court concluded that the disinterested witnesses were more reliable than the occupants of the Pontiac. It chose to disregard the testimony of both parties' expert witnesses because the experts lacked enough information to come to definite conclusions